FILED IN CHAMBERS
U.S.D.C. Rome

SEP 0 8 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

v.

RANDALL SCOTT ANDERSON,

Defendant.

CRIMINAL ACTION
NO. 4:11-CR-006-RLV

O R D E R

This matter comes before the court on the magistrate judge's report and recommendation dated August 25, 2011 [Doc. No. 29] and the defendant's objections dated September 2, 2011 [Doc. No. 30].

In his objections, the defendant argues that 18 U.S.C. § 2422(b) is unconstitutional because it is in violation of the Tenth Amendment. Moreover, the defendant argues that the indictment does not charge a crime involving an "actual child." However, both of the defendant's arguments are without merit.

While the magistrate judge addressed and rejected all of the defendant's arguments in his well-researched report and recommendation, the court specifically notes that each of the defendant's arguments has already been addressed and rejected by the Eleventh Circuit. Specifically, nothing in Bond v. United States, 131 S. Ct. 2355 (No. 09-1227) requires this court to second-guess binding Eleventh Circuit precedent as set forth in United States v. Faris, 583 F.3d 756, 758-59 (11th Cir. 2009), which addressed the constitutionality of 18 U.S.C. §

2422(b).[1] Furthermore, the court notes that the Eleventh Circuit has repeatedly rejected arguments similar to those presented by the defendant regarding the necessity of an "actual minor" for a federal prosecution under 18 U.S.C. § 2422(b). As the magistrate judge has correctly noted, the Eleventh Circuit in United States v. Lanzon, 639 F.3d. 1293, 1299 (11th Cir. 2011) held that an "actual minor" is not necessary for a federal prosecution under 18 U.S.C. § 2422(b), so long as other facts are present.

Because the defendant has not presented any argument which casts doubt on clear and binding Eleventh Circuit precedent, the court receives the magistrate judge's report and recommendation dated August 25, 2011 with approval and adopts it as the opinion and order of this court.

SO ORDERED, this 8TH day of September, 2011.

ROBERT L. VINING, JR.
Senior United States District Judge

---

[1] While the defendant heavily relied upon Bond, Bond is a factually dissimilar case which has little relevance to this matter. Specifically, the Supreme Court in Bond rendered no opinion on 18 U.S.C. § 2422(b), which is the focus of this court's inquiry. Therefore, the court concludes that the defendant's reliance on Bond is misplaced.

2